IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DWIGHT CLAYTON BELTON, P04485, )
                                )
    Plaintiff(s),              ) No. C 15-0832 CRB (PR)
                                )
vs.                             ) ORDER OF DISMISSAL WITH
                                ) LEAVE TO AMEND
ALAMEDA COUNTY SHERIFF'S        )
DEPARTMENT, et al.,             )
                                )
    Defendant(s).              )
                                )

Plaintiff, a prisoner at San Quentin State Prison, has filed a pro se complaint for damages under 42 U.S.C. § 1983 alleging that on October 12, 14, 18 and 25, 2014, and November 2, 2014, while he was a pretrial detainee at the Alameda County Jail, unnamed jail officials denied him one of his twice-a-day dosage of diabetic medication. Plaintiff further alleges that despite filing grievances, jail officials did not remedy the situation until a state superior court judge told them to do so on November 6, 2014. Plaintiff names as defendants only the Alameda County Sheriff's Department and its health services provider, "Corizon Health, Inc."

## DISCUSSION

A.    <u>Standard of Review</u>

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable

claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pro se pleadings must be liberally construed, however. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

B.   Legal Claims

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 104 (1976).[1] A "serious medical need" exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992) (citing Estelle, 429 U.S. at 104), overruled in part on other grounds by WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A prison official is "deliberately indifferent" if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Neither negligence nor gross negligence warrant liability under the Eighth Amendment. Id. at 835-36 & n4. An "official's failure to alleviate a significant

---

[1] Although a pretrial detainee's claims arise under the Due Process Clause, the Eighth Amendment serves as a benchmark for evaluating those claims. See Carnell v. Grimm, 74 F.3d 977, 979 (9th Cir. 1996) (8th Amendment guarantees provide minimum standard of care for pretrial detainees).

2

risk that he should have perceived but did not, . . . cannot under our cases be condemned as the infliction of punishment." Id. at 838. Instead, "the official's conduct must have been 'wanton,' which turns not upon its effect on the prisoner, but rather, upon the constraints facing the official." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998) (citing Wilson v. Seiter, 501 U.S. 294, 302-03 (1991)). Prison officials violate their constitutional obligation only by "intentionally denying or delaying access to medical care." Estelle, 429 U.S. at 104-05.

Plaintiff's complaint will be dismissed with leave to amend to name individual defendants and set forth specific facts showing how each named defendant was deliberately indifferent to plaintiff's serious medical needs, if possible. It is not enough that a defendant was negligent or even grossly negligent. Plaintiff also must link each named defendant with his allegations of wrongdoing so as to show how each defendant actually and proximately caused the deprivation of his federal rights of which he complains. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988). The Alameda County Sheriff's Department and its health services provider cannot be liable for damages under § 1983 simply on the theory that they are responsible for the actions or omissions of their subordinates. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

## CONCLUSION

For the foregoing reasons, the complaint is dismissed with leave to amend, as indicated above, within 28 days of this order. The pleading must be simple and concise and must include the caption and civil case number used in this order and the words FIRST AMENDED COMPLAINT on the first page. Failure to file a proper amended complaint within the designated time will result in the dismissal of this action.

Plaintiff is advised that the amended complaint will supersede the original complaint and all other pleadings. Claims and defendants not included in the amended complaint will not be considered by the court. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

SO ORDERED.

DATED: April 14, 2015

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\CR.15\Belton, D.15-0832.dwlta.wpd