IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DWIGHT CLAYTON BELTON, P04485, | |
| Plaintiff(s), | No. C 15-0832 CRB (PR) |
| vs. | ORDER OF DISMISSAL |
| ALAMEDA COUNTY SHERIFF'S DEPARTMENT, et al., | (Dkt. #8) |
| Defendant(s). | |

      Plaintiff, a prisoner at San Quentin State Prison, filed a pro se complaint for damages under 42 U.S.C. § 1983 alleging that, while he was a pretrial detainee at the Alameda County Jail, unnamed officials on several occasions failed to administer one of his twice-a-day dosages of diabetic medication. Plaintiff only named as defendants the Alameda County Sheriff's Department and its health services provider, Corizon Health Services, Inc.

      Per order filed on April 14, 2015, the court dismissed plaintiff's complaint "with leave to amend to name individual defendants and set forth specific facts showing how each named defendant was deliberately indifferent to plaintiff's serious medical needs, if possible." Dkt. #6 at 3. The court explained that "[i]t is not enough that a defendant was negligent or even grossly negligent." Id.

      Currently before the court for preliminary screening is plaintiff's First Amended Complaint (FAC).

**DISCUSSION**

A.     Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

B.     FAC Allegations and Claims

Plaintiff alleges that between July 19 and November 11, 2014, while he was a pretrial detainee at the Alameda County Jail (ACJ), his doctor ordered that he be given medication to treat his diabetes twice a day, at noon and at night.

On August 1, 2 and 3, 2014, plaintiff was not released from his jail cell to take his noon medication. He contacted the sheriff's technician on each of those dates and asked why he was not released. The technician told him each time that his name was not on the list of inmates (provided daily by the medication room nurse to the technician) who were to be released for noon medication on that day.

Plaintiff requested and received a copy of his pharmacy service chart for August 2014 from Corizon Health Services, Inc. (Corizon), which is responsible for administering medication to inmates at ACJ. Plaintiff notes that the chart

2

incorrectly indicates that he was a "no show" for his noon medication on August 1, 2 and 3, 2014.

On September 21 and October 12 and 14, 2014, plaintiff again was not released from his cell to take his noon medication. And after contacting the sheriff's technician on each of those days, plaintiff again was told each time that his name was not on the noon medication list for that day. On October 14, 2014, the sheriff's technician contacted the medication room to inquire about plaintiff's name not being on the noon medication list, but "was unable to get a straight response." Dkt. #7 (FAC) at 9.

Plaintiff requested and received copies of his pharmacy service charts for September and October 2014. Plaintiff notes that the charts incorrectly indicate that he was a "no show" for his noon medication on September 21 and October 14, and refused his noon medication on October 12.

On October 15, 2014, plaintiff filed an inmate grievance complaining that he did not receive his noon medication "twice in the last 72 hours." Id. at 11. According to plaintiff, the grievance was not reviewed by investigating supervisor Sergeant R. Macintire until December 12, 2014, and by appeal officer Lieutenant R. Carter until December 17, 2014.

On October 18, 2014, plaintiff was not released from his jail cell to take his noon medication. After contacting the sheriff's technician, plaintiff was told that his name was not on the noon medication list for that day. Plaintiff notes that his October 2014 pharmacy service chart incorrectly indicates that he was a "no show" for his noon medication on October 18.

On October 24, 2014, plaintiff filed a petition for injunctive relief in Alameda County Superior Court, seeking to enforce consistent administering of his diabetes medication.

3

On October 25 and November 2, 2014, plaintiff was not released from his jail cell to take his noon medication. After contacting the sheriff's technician on each of those days, plaintiff was told each time that his name was not on the noon medication list for that day. Plaintiff notes that his October and November 2014 pharmacy service charts incorrectly indicate that he was a "no show" for his noon medication on October 25 and November 2.

On November 6, 2014, plaintiff appeared in Alameda County Superior Court on his then pending criminal charges. The court also heard at that time plaintiff's claim that he was not getting his diabetic medication on a consistent basis and ordered that plaintiff be examined and treated. On November 7, 2014, Dr. Glenda Newell-Harris examined plaintiff at ACJ and noted in plaintiff's progress notes that she "[w]ill make sure that meds are given in AM and PM (no more noon dosing)." Dkt. #7-1 (FAC Exs.) at 8.

Plaintiff claims that the failure of Corizon staff to put his name on the daily noon medication list on the various occasions noted above amounted to deliberate indifference to his serious medical needs. Plaintiff also claims that the failure of investigating supervisor Sergeant R. Macintire and appeal officer Lieutenant R. Carter to review promptly his inmate grievance regarding two missed noon dosages amounted to deliberate indifference to his serious medical needs. Finally, plaintiff claims that the failure of Corizon, Alameda County Sheriff's Department and Alameda County Sheriff Gregory Ahern to correct the problems with the administering of his diabetes medication amounted to deliberate indifference to his serious medical needs.

C.  Analysis

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. Estelle v.

Gamble, 429 U.S. 97, 104 (1976).[1]  A "serious medical need" exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992) (citing Estelle, 429 U.S. at 104), overruled in part on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).  A prison official is "deliberately indifferent" only if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it.  Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Neither negligence nor gross negligence warrant liability under the Eighth Amendment.  Id. at 835-36 & n.4.  An "official's failure to alleviate a significant risk that he should have perceived but did not . . . cannot under our cases be condemned as the infliction of punishment."  Id. at 838.  Instead, "the official's conduct must have been 'wanton,' which turns not upon its effect on the prisoner, but rather, upon the constraints facing the official."  Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998) (citing Wilson v. Seiter, 501 U.S. 294, 302-03 (1991)).  Prison officials violate their constitutional obligation only by "intentionally denying or delaying access to medical care."  Estelle, 429 U.S. at 104-05.

Although regrettable, plaintiff's allegations that he missed his noon diabetes medication dosage nine times (on August 1, 2 and 3, September 21, October 12, 14, 18 and 25, and November 2, 2014) in the nearly four months (July 19 to November 11, 2014) during which he was receiving two dosages a

---

[1] Although a pretrial detainee's claims arise under the Due Process Clause, the Eighth Amendment serves as a benchmark for evaluating those claims.  See Carnell v. Grimm, 74 F.3d 977, 979 (9th Cir. 1996) (Eighth Amendment guarantees provide minimum standard of care for pretrial detainees).

5

day, because unnamed Corizon staff failed to put his name on the daily noon medication list on those nine occasions, do not amount to more than a claim for negligence or gross negligence not cognizable under § 1983. See, e.g., O'Loughlin v. Doe, 920 F.2d 614, 617 (9th Cir. 1990) (finding that isolated occurrences of neglect may constitute grounds for medical malpractice but do not rise to level of unnecessary and wanton infliction of pain). After all, plaintiff's nine missed noon dosages were scattered over the nearly four-month period during which plaintiff was receiving both a noon and a night dosage (i.e., nearly 240 dosages), and were never followed by a missed night dosage on the same day or on any other day. To be sure, any missed dosage of prescribed medication due to the omission of plaintiff's name from the medication list is troubling. But there is no indication that the nine omissions at issue were intentional or anything more than nine isolated occurrences of negligence or gross negligence by Corizon staff. This may be enough for plaintiff to pursue a negligence or medical malpractice claim in state court, but it is not enough to state a deliberate indifference to serious medical needs claim under § 1983 in federal court. See Farmer, 511 U.S. at 835-36 & n.4; Toguchi v. Chung, 391 F.3d 1051, 1060-61 (9th Cir. 2004).[2]

And for essentially the same reasons, plaintiff's allegations that investigating supervisor Sergeant R. Macintire and appeal officer Lieutenant R. Carter failed to review promptly his inmate grievance regarding two missed noon dosages, and that Corizon, Alameda County Sheriff's Department and Alameda

---

[2] Nor does plaintiff state a claim under § 1983 based on his allegations that Corizon staff incorrectly noted in his pharmacy service charts that he did not show up or refused the nine missed noon dosages. See Paul v. Davis, 424 U.S. 693, 711-714 (1976) (inaccuracy of records compiled or maintained by government is not sufficient to state claim of constitutional injury).

6

1  County Sheriff Gregory Ahern failed to correct the problems with the
2  administering of his diabetes medication, also fail to state a deliberate
3  indifference to serious medical needs claim under § 1983.  Perhaps all these
4  named defendants should have or could have done more, but there is no
5  indication that any of them knew that plaintiff faced a substantial risk of serious
6  harm and disregarded that risk by failing to take reasonable steps to abate it.  See
7  Farmer, 511 U.S. at 837.
8       Finally, plaintiff's suggestion that the delay in processing his inmate
9  grievance somehow resulted in the violation of his First and/or Fourteenth
10 Amendment rights is without merit because it is well established that there is no
11 constitutional right to a prison administrative appeal or grievance system, see
12 Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003), much less to a speedy one.
13 See also Frost, 152 F.3d at 1130 (finding delays in administering pain
14 medication, treating broken nose and providing replacement crutch did not
15 amount to more than negligence).  Plaintiff's constitutional right of access to the
16 courts was satisfied when he filed the instant action.

## CONCLUSION

For the foregoing reasons, plaintiff's FAC is DISMISSED under the authority of 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

The clerk shall enter judgment in accordance with this order, terminate all pending motions as moot (i.e., dkt. #8) and close the file.

SO ORDERED.

DATED:  July 6, 2015

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\CR.15\Belton, D.15-0832.dismissal.final.wpd

7